UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JUANITA DURANT,

          Plaintiff,

-against-

NEW YORK CITY HOUSING AUTHORITY;
MARY MOHAN; YOLANDA RIVERA;
GABELUS MONESTIME; TYREE HASLIP;
Attorney GERALD STERNBERG; Trial Officer
WALTER MCKINLEY CROWE,

          Defendants.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 16 2012
BROOKLYN OFFICE

**MEMORANDUM & ORDER**
12-CV-00937 (NGG) (JMA)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Juanita Durant brings this action pro se pursuant to, inter alia, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against Walter McKinley Crowe and Gerald Sternberg are dismissed. Plaintiff's remaining claims shall proceed.

## BACKGROUND

    Plaintiff alleges that from August 18, 2003 to November 10, 2011, she was employed by defendant New York City Housing Authority in the job title of Caretaker J. (Compl. (Docket Entry # 1) ¶ 6.) On June 8, 2011, a disciplinary hearing was conducted before the New York City Housing Authority, Employee Disciplinary Division. (Compl. ¶ 21.) Attorney Gerald Sternberg represented the agency at the hearing and Trial Officer Walter McKinley Crowe presided.

1



(Compl. ¶ 26; see also Hr'g Tr. (Ex. 2) at 84:15-19.) Plaintiff alleges two Defendants testified falsely against her at the hearing. (Compl. ¶¶ 23-25, 28, 30.) Plaintiff was represented by counsel at the hearing. (Hr'g Tr. At 84:17-18.) Plaintiff alleges that "Trial Officer Walter McKinley Crowe and Attorney Gerald Sternberg allowed witness Gabelus Monestime to proceed after he stated . . . he did not recall anything." (Id. ¶ 26.) Plaintiff states that she "was terminated from her employment on November 10, 2011, [d]ue to retaliation, hostile work environment, disparate treatment." (Id. ¶ 34.) Plaintiff seeks "injunctive orders, damages, costs and attorney's fees." (Id. Wherefore Clause.)

## STANDARD OF REVIEW

At the pleadings stage of a case, the court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Moreover, it is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

## DISCUSSION

Plaintiff's claims against Trial Officer Crowe must be dismissed because judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 227 (1988). Absolute judicial immunity extends to officers such as administrative law judges and hearing officers. Butz v. Economou, 438 U.S. 478, 514 (1978)("[P]ersons subject to [restraints designed to guarantee the independence of hearing examiners] and performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts.") The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer "be deprived of immunity because the action he took was in error or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). The exceptions to judicial immunity are "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations removed).

This absolute judicial immunity has been further applied to non-federal administrative hearing officers, such as Crowe. See O'Connor v. NYC Housing Auth., No. 08-CV-3623 (CBA) (LB), 2010 WL 1741369, at *8 (E.D.N.Y. Mar. 24, 2010) (New York City Housing Authority hearing officer is entitled to absolute immunity under the doctrine of quasi-judicial immunity because proceedings were adversarial in nature); B.D.S. v. Southhold Union Free Sch. Dist., No. 08-CV-1319 (SJF) (WDW), 2009 WL 1875942, at *29 (E.D.N.Y. June 24, 2009) (state department of education hearing officer is entitled to absolute immunity); Bloom v. NYS Comm'n of Health, 573 F.Supp.2d 732, 739 (E.D.N.Y. 2004) (administrative law judge presiding over

3

professional medical conduct bureau is entitled to absolute immunity); Gyadu v. Workers' Compensation Comm'n, 930 F.Supp. 738, 748 (D.Conn. 1996) (Workers' Compensation Commissioner entitled to absolute immunity).

Here, Plaintiff's allegations against Crowe concern his official actions in ruling on witness testimony and in issuing an official decision. These are clearly judicial acts that are protected by absolute immunity. Plaintiff has not alleged that Crowe took nonjudicial actions or that he acted in the absence of jurisdiction. (See Compl. ¶ 26.)

Moreover, "[a]s with administrative law judges, the common law precedents also extend absolute immunity to prosecutors participating in the administrative process." Bloom, 573 F.Supp.2d at 740 (citations omitted). See also Butz, 438 U.S. at 516 ("We can see no substantial difference between the function of the agency attorney in presenting evidence in an agency hearing and the function of the prosecutor who brings evidence before the court."). Thus, Sternberg, who prosecuted the agency's disciplinary case against Plaintiff, is also immune from Plaintiff's claims.

## CONCLUSION

Plaintiff's request to proceed in forma pauperis is granted. Plaintiff's claims against Walter McKinley Crowe and Gerald Sternberg are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). No summons shall issue as to these defendants. Plaintiff's remaining claims shall proceed.

The United States Marshal Service is directed to serve the summonses, complaint, and this

Order upon the remaining defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York. All pretrial matters are referred to Magistrate Judge Azrack pursuant to 28 U.S.C. § 636(b)(1)(A).

SO ORDERED.

Dated: Brooklyn, New York  
     March _15_, 2012

NICHOLAS G. GARAUFIS  
United States District Judge